IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARRY L. SMITH, LOIS L. LYNN, ) <br> DARRELL KEITH HILL, ELIZABETH ) <br> CASE BOONE, WILEY H. HAYNES, ) <br> ROSA LEE BROOKSHIRE, HARRISON ) <br> YOUNG CLARK, FRANZISKA FINNEY,) <br> JUDITH CASE KIRKPATRICK, WILSON) <br> DANIEL McCLURE, CELIA DARLENE ) <br> METCALF, CHARLES R. REECE, ) <br> DOLPHUS LUTHER TREADWAY, JR., ) <br> and MARTHA BURNETTE WHITLEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHAMPION INTERNATIONAL ) <br> CORPORATION, LONG TERM ) <br> DISABLITY BENEFITS PLAN FOR ) <br> SALARIED EMPLOYEES OF ) <br> CHAMPION INTERNATIONAL ) <br> CORPORATION #506, LONG TERM ) <br> DISABILITY BENEFITS PLAN FOR ) <br> CERTAIN HOURLY EMPLOYEES OF ) <br> CHAMPION INTERNATIONAL ) <br> CORPORATION #703; INTERNATIONAL) <br> PAPER COMPANY; and CORE, INC. ) <br> ) <br> Defendants. ) | FILED <br> Nov 19   2 26 PM '03 <br> U.S. DISTRICT COURT <br> NEW HAVEN, CONN. <br><br> CIVIL ACTION NUMBER <br> 302CV00212 (GLG) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> November 19, 2003 |

**Defendants' Memorandum in Response to Third Party CORE's
Motion to Quash Deposition Subpoenas and Plaintiffs' Motion to Compel
Production of Documents Against CORE**

Defendants Champion International Corporation ("Champion International"), Long

Term Disability Benefits Plan for Salaried Employees of Champion International

Corporation #506 ("LTD Plan #506"), Long Term Disability Plan for Certain Hourly Employees of Champion International Corporation #703 ("LTD Plan #703")(collectively referred to as the "LTD Plans" or the "Champion LTD Plans"), and International Paper Company ("International Paper"), by counsel, state as follows in response to third party CORE, Inc.'s Motion to Quash Deposition Subpoenas and/or for a Protective Order and Plaintiffs' Motion to Compel Production of Documents against CORE:

## Introduction & Contested Discovery

By Notice dated September 12, 2003, plaintiffs noticed the depositions of CORE, Inc. (pursuant to Fed. R. Civ. P. 30(b)(6)) and five individuals currently or formerly employed by CORE, Inc. ("CORE"). See Exhibits A & B. Plaintiffs' 30(b)(6) notice to CORE, and the accompanying Fed. R. Civ. P. 45 subpoena, directed CORE to designate a representative to testify regarding nine areas of inquiry and bring to the deposition thirty-eight categories of documents. See Exhibit B.

By letter dated September 23, 2003, counsel to defendants informed plaintiffs' counsel that defendants had several concerns regarding the scope of plaintiffs' deposition notices and subpoenas. See Exhibit C. First, defendants informed plaintiffs that both Attachments A ("Matters on Which Examination is Requested") and Attachment B ("Documents to be Produced") to the 30(b)(6) Notice directed to CORE include within their scope information and documents regarding long term disability ("LTD") claimants other than plaintiffs in this matter. See, e.g., Attachment A, ¶¶2, 3 & 5 to Exhibit A and Attachment B, ¶¶5, 7, 10-12, 15-19, 21-28, 33 & 35-37 to Exhibit A. Defendants reminded plaintiffs that, at the parties' July 23 discovery conference, Judge Garfinkel stated that files

and documents regarding claimants other than the plaintiffs were beyond the scope of permissible discovery in this matter. In an effort to avoid the need for judicial intervention, defendants, therefore, requested plaintiffs to promptly notify CORE, in writing, that CORE was not required to produce any file materials or documents regarding any Champion LTD claimant who is not a plaintiff in this matter, and that plaintiffs would not examine CORE regarding any Champion LTD claimant who is not a plaintiff in this matter. Plaintiffs have not yet responded to or complied with defendants' request.

Second, defendants also requested plaintiffs to describe in general terms the areas regarding which they intended to examine the CORE employees identified in their deposition notice. See Exhibit C. Defendants reminded plaintiffs that, in November, 2002, Judge Goettel granted defendants' Motion to Limit Discovery to the Administrative Record, and that defendants already had produced to plaintiffs more than 8,000 pages of documents comprising the administrative records applicable to each of plaintiffs' claims. Defendants also reminded plaintiffs that both Judge Goettel and Judge Garfinkel have made it clear that any remaining discovery shall be limited to that necessary to define the standard of review and evaluate whether the Plan Administrator was operating under a conflict-of-interest. Plaintiffs have not yet responded to or complied with defendants' request.

Defendants file this response to protect from disclosure documents, information or testimony regarding LTD claimants other than plaintiffs in this action. To the extent such documents may exist, defendants do not object to the production of reports, documents or information showing the number of claims pursuant to the LTD Plans on which CORE may have assisted. However, reports, documents and information regarding and/or identifying claimants other than plaintiffs are beyond the scope of permissible discovery in this matter.

Defendants also agree with third party CORE that the administrative record properly before the Court is that record considered by the LTD Plans' Claims Review Committee when it evaluated each of plaintiffs' claims for benefits; administrative records, which as noted above, defendants produced to plaintiffs in January, 2003.

## Argument

Defendants Request the Court to Prohibit Plaintiffs from Obtaining Information Regarding LTD Claimants other than Plaintiffs through their Discovery to CORE.

As noted above, plaintiffs' deposition notice and document subpoena to third party CORE can be fairly read to include within their scope information and documents regarding LTD claimants other than plaintiffs. See Exhibits A & B. For good cause shown, this Court already has held that such information and documents is beyond the scope of permissible discovery in this action. In September, 2002, Judge Goettel ruled that discovery should be limited to the administrative record before the Plan Administrator – that is, the LTD Plans' Claims Review Committee – when it made the decisions denying plaintiffs' claims for LTD benefits. See September 11, 2002, Endorsement Order. In addition, as plaintiffs recently acknowledged, at the parties' July 23, 2003, discovery conference, Judge Garfinkel also denied plaintiffs' May 2, 2003 Motion to Compel defendants to produce information regarding LTD claimants other than plaintiffs. See Dkt. Entry 42.[1]

The Court's rulings were amply supported by the factual record and legal authority applicable to this action. See Dkt. Entries 24, 25, 46 & 47. As it has done on two occasions in the past, defendants respectfully request that, in ruling on plaintiffs' and

---

[1] On November 14, 2003, during the deposition of Mike Gorski, a member of the LTD Plans' Claims Review Committee, plaintiffs' counsel acknowledged that, at the parties' July 23, 2003, discovery conference, Judge Garfinkel had ordered that plaintiffs were not entitled to

4

CORE's cross discovery motions, the Court protect from disclosure documents and information regarding LTD claimants other than plaintiffs in the instant case. Such information and documents are beyond the scope of permissible discovery in this matter.

## Conclusion

Based on the foregoing, defendants, by counsel, request the Court, in ruling on plaintiffs' and third party CORE's cross discovery motions, to continue to protect from disclosure information and documents regarding LTD claimants other than plaintiffs in the instant case.

This the 19th day of November, 2003.

                           DEFENDANTS – CHAMPION INTERNATIONAL CORPORATION, LONG TERM DISABLITY BENEFITS PLAN FOR SALARIED EMPLOYEES OF CHAMPION INTERNATIONAL CORPORATION #506, LONG TERM DISABILITY BENEFITS PLAN FOR CERTAIN HOURLY EMPLOYEES OF CHAMPION INTERNATIONAL CORPORATION #703; and INTERNATIONAL PAPER COMPANY

By: _____
     Barry J. Waters / ct05520

MURTHA CULLINA LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, Connecticut 06503-0704
(203) 772-7700
(203) 772-7723 (facsimile)

---

discover information regarding LTD claimants other than plaintiffs. At the time of the filing of this Response, the transcript from Mr. Gorski's deposition was not yet available.

Bruce M. Steen – ct23613
MCGUIREWOODS LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, North Carolina  28202
(704) 353-6244
(704) 353-6200 (facsimile)

Their Attorneys

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARRY L. SMITH, LOIS L. LYNN, )
DARRELL KEITH HILL, ELIZABETH )
CASE BOONE, WILEY H. HAYNES, )
ROSA LEE BROOKSHIRE, HARRISON )
YOUNG CLARK, FRANZISKA FINNEY, )   CIVIL ACTION NUMBER
JUDITH CASE KIRKPATRICK, WILSON )      302CV212 (GLG)
DANIEL McCLURE, CELIA DARLENE )
METCALF, CHARLES R. REECE, )
DOLPHUS LUTHER TREADWAY, JR., and )
MARTHA BURNETTE WHITLEY, )
)
   Plaintiffs, )
)
  v. )
)
CHAMPION INTERNATIONAL )   NOTICE TO TAKE DEPOSITIONS
CORPORATION; LONG TERM )
DISABILITY BENEFITS PLAN FOR )
SALARIED EMPLOYEES OF )
CHAMPION INTERNATIONAL )
CORPORATION #506; LONG TERM )
DISABILITY BENEFITS PLAN FOR )
CERTAIN HOURLY EMPLOYEES OF )
CHAMPION INTERNATIONAL )
CORPORATION #703; and )
INTERNATIONAL PAPER COMPANY, )
)
   Defendants. )
)   September 12, 2003

  You are hereby notified that the plaintiffs will take the following deposition(s) as specified below:

**NAME**
CORE, Inc.
(a Rule 30(b)(6)
Deposition)

**DATE AND TIME**
October 20, 2003
9:00 a.m.

**PLACE OF DEPOSITION**
Holiday Inn by the Bay
York Room
88 Spring Street
Portland, ME 04101

  Said deposition(s) will be taken upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure. The depositions will be taken before a Notary Public or some other officer duly authorized by law to take depositions. The oral


EXHIBIT A

examination(s) will continue from day to day until its/(their) completion.

Pursuant to Rule 30(b)(6), plaintiffs hereby give notice that their examination of CORE will address information identified in **Attachment A**, and documents identified in **Attachment B** to this notice. Deponent CORE will be requested to designate one or more persons to testify to the above matters.

As stated above, CORE has been ordered, pursuant to subpoena, to bring to the deposition(s) the documents identified in Attachment B.

This the 12 day of September, 2003.

THE PLAINTIFFS
HARRY L. SMITH, ET AL.

BY: /s/ W. Barnes
WILLIAM B. BARNES, ESQ.
(CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432
Tel (203) 367-7922
Fax (203) 367-8110
E-mail wbarnes@rosenbar.com

ROBERT M. ELLIOT, ESQ.
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel (336) 724-2828
Fax (336) 724-3335
E-mail rmelliot@epmlaw.com

RICHARD B. HARPER, ESQ.
Harper Law Office
Post Office Box 395
Sylva, NC 28779
Tel (828) 586-3305
Fax (828) 586-4795
E-mail rbharper@dnet.net

## ATTACHMENT A
### RULE 30(B)(6) DEPOSITION OF CORE, INC.
### MATTERS ON WHICH EXAMINATION IS REQUESTED

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs have requested that the deponent, CORE, Inc. designate one or more persons to testify to the following:

1. CORE's[1] evaluation of the long term disability claim of each plaintiff (as identified in the case caption);

2. The procedures, policies, regulations, and guidelines governing the consideration of long term disability claims by CORE, Inc. from January 1, 1995 through May, 2000, including claims by employees of Champion;[2]

3. The projected and actual cost savings analyses prepared by CORE and/or any entity on its behalf in regard to long term disability claims of each of the plaintiffs, and disabled employees of Champion, generally;

4. CORE's pay and compensation policies, including any incentives, bonuses, commissions, or other benefits provided to managers, employees or other agents of CORE who evaluated long term disability claims from January 1, 1995 through May, 2000;

5. Financial analyses performed by CORE and/or any entity on its behalf, of Champion's LTD plans, including analyses of amounts received by claimants and expenditures or disbursements;

6. The contracts and agreements between CORE and Champion, and any communications between CORE and Champion concerning the negotiation and execution of their contracts;

7. The implementation and administration of the contracts and agreements between CORE and Champion;

8. The CORE Denial Committee(s) as referenced in CORE Confidential Service Reports regarding the plaintiffs

---

[1] "CORE" shall mean and include CORE, Inc., and any affiliate companies.

[2] "Champion" shall mean and include Champion International Corporation and International Paper Company.

and the identities of its members; and

9. The identity, provenance, authenticity and substance of documents identified in Attachment B and produced in response to the subpoena served on CORE, Inc.

## ATTACHMENT B
## DOCUMENTS TO BE PRODUCED BY CORE, INC.

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, plaintiffs have issued a subpoena ordering the deponent, CORE, Inc., to produce the following documents for inspection and copying at the time specified in the notice:

1. All documents regarding CORE's[1] evaluation of the long term disability claim of each plaintiff (as identified in the caption);

2. All correspondence, e-mail transmissions, notes, summaries, or any other documents concerning communications by and between CORE and Champion International[2] concerning each plaintiff's long term disability (LTD) claim;

3. All records, reports, or any other documents or information considered by any employee, staff person or manager of CORE or any independent contractor performing services requested by CORE in evaluating each plaintiff's LTD claim;

4. All documents regarding the procedures, policies, regulations, and guidelines governing the consideration of long term disability claims by CORE from January 1, 1995 through May, 2000;

5. All documents regarding the cost savings analyses prepared by CORE and/or any entity on its behalf in regard to long term disability claims of each of the plaintiffs and disabled employees of Champion, generally;

6. All documents regarding CORE's pay and compensation policies, including any incentives, bonuses, commissions, or other benefits provided to managers, employees or other agents of CORE who evaluated long term disability claims from January 1, 1995 through May, 2000;

7. All documents regarding financial analyses performed by CORE and/or any entity on its behalf of Champion's LTD plans, including analyses of amounts received and expenditures or disbursements;

---

[1] "CORE" shall mean and include CORE, Inc., and any affiliate companies.

[2] "Champion" shall mean and include Champion International Corporation and International Paper Company.

8. All documents regarding the CORE Services Agreement and any other contracts or agreements between CORE and Champion, and any communications between CORE and Champion concerning the negotiation, administration, interpretation and execution of said contracts and agreements;

9. All documents generated by the CORE Denial Committee referenced in the CORE Confidential Service Reports regarding the plaintiffs;

10. All documents regarding the customized, dedicated unit workflow developed by CORE to service Champion disability management as referenced in the CORE Services Agreement dated January 1, 1996;

11. All documents, including minutes, exhibits, and reports generated at or related to the quarterly meetings conducted for the purpose of reviewing services and performances as referenced in the CORE Services Agreement dated January 1, 1996;

12. CORE-generated quarterly management reports provided to Champion as referenced in the CORE Services Agreement dated January 1, 1996;

13. All documents identifying the key service personnel identified as the Account Executive, Team Leader and Lead Case Manager as referenced in the CORE Services Agreement dated January 1, 1996;

14. All documents regarding the regular process review to evaluate ways to enable the program to be delivered more efficiently and at a lower cost as referenced in the CORE Services Agreement dated Jauary 1, 1996;

15. CORE monthly billing statements to Champion for services to be rendered using data from Champion's employee eligibility tape;

16. All documents, tapes, or other forms of data regarding employee eligibility provided to CORE from Champion as referenced in the CORE Services Agreement dated January 1, 1996;

17. All adjustments to the monthly billing statements provided to CORE by Champion on a quarterly basis as referenced in the CORE Services Agreement dated January 1, 1996;

18. A copy of the CORE-maintained comprehensive liability insurance policies naming Champion as an additional insured as referenced in the CORE and SCORE Services Agreements with Champion;

19. CORE-retained copies of all records related to the provision of services in Exhibit A as referenced in

        Section 9.1 of the CORE Services Agreement dated January 1, 1996;

20. All documents concerning meetings or actions of the CORE Denial Committee from January 1, 1996 to December 31, 2000, and identifying the members of the CORE Denial Committee, as referenced in the CORE Confidential Service Agreements regarding the plaintiffs;

21. Copies of all monthly Confidential Service Reports as referenced in the CORE Services Agreement dated January 1, 1996;

22. All case history reports referred to in Exhibit A regarding Workflow Champion Disability Management Program integration with Social Security Disability Consultants as referenced in the CORE Services Agreement dated January 1, 1996;

23. SSDC quarterly reports furnished to CORE regarding the status of open cases concerning each disabled employee as referenced in Exhibit A of the CORE Services Agreement dated January 1, 1996;

24. CORE monthly billing for fees to Champion on time and materials basis upon the opening of the LTD file as referenced under Service Fees in the CORE Services Agreement;

25. CORE monthly, quarterly and annual Champion customized and associated ad hoc reports as referenced under Custom Analytic Reporting in the CORE Services Agreement dated January 1, 1996;

26. Surveys of employees with closed cases regarding the performance of CORE as referenced in Exhibit C to the CORE Services Agreement dated January 1, 1996;

27. Supervisors, Human Resources staff and Medical Department staff surveys as referenced in Exhibit C to the CORE Services Agreement dated January 1, 1996;

28. CORE-generated Medical Substantiation forms and call logs regarding any denial to a Champion employee as referenced in Exhibit C to the CORE Services Agreement dated January 1, 1996;

29. All reports and records regarding incentive compensation paid to CORE by Champion as referenced in Exhibit D to the CORE Services Agreement dated January 1, 1996;

30. SCORE itemized invoices for capitated services and services rendered on a fee for service basis as referenced in the SCORE Services Agreement dated January 1, 1999;

31. All documents regarding Champion's written notification of invoice discrepancies as referenced in the SCORE Services Agreement dated January 1, 1999;

32. Any written requests submitted for arbitration between the parties to the SCORE Services Agreement dated January 1, 1999;

33. All documents or computer-generated reports by CORE provided to Champion regarding the status of claims, including on-line access and minutes or other documents generated regarding the quarterly claim status meetings as referenced in the SCORE Services Agreement dated January 1, 1999;

34. All documents or other materials outlining information-driven protocols and guidelines used as referenced in the SCORE Services Agreement dated January 1, 1999;

35. Data generated by Sedgwick's data management system (JURIS) and furnished to Champion and CORE, including, but not limited to, Claim and Expense Report (monthly); Transaction Register (monthly); Loss Analysis Report (quarterly) and State Reports (as needed), as referenced in the SCORE Services Agreement dated January 1, 1999;

36. All data from Data Repository construed to perform transactional and Financial Reports such as Budget Status Reports and Disability Performance Reports as referenced in the SCORE Services Agreement dated January 1, 1999;

37. Financial ("Monthly") and Program Performance ("Quarterly") Reports, as referenced in the SCORE Services Agreement dated January 1, 1999; and

38. Evaluations of SCORE as referenced in Exhibit C to the SCORE Services Agreement dated January 1, 1999;

## CERTIFICATE OF SERVICE BY FIRST CLASS MAIL AND FACSIMILE

A copy of the foregoing Plaintiff's Notice To Take Depositions was mailed this date, postage prepaid, to the following counsel of record, and was transmitted by facsimile transmission to the addresses and facsimile numbers provided below:

Bruce M. Steen, Esq.
McGuire Woods
3700 Bank of America Plaza
101 South Tryon St., Suite 3700
Charlotte, NC 28280-0008
Facsimile: 704-353-6244

and

Barry J. Waters, Esq.
Murtha Cullina, LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, CT 06503-0704
Facsimile: (203) 772-7723

And a courtesy copy was faxed to:

James T. Finnegan, Esq.
Rich May
176 Federal St.
Boston, MA 02110-2223
Facsimile: (671) 556-3889

BY: _____
WILLIAM B. BARNES, ESQ.

Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

HARRY L. SMITH, ET AL,

V.

CHAMPION INTERNATIONAL CORP., ET AL

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 302CV212 (GLG)(D. Conn.

TO: CORE, Inc., 75 Market St., Portland, ME 04101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Rule 30(b)(6) designation is required per Attachment A hereto

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Holiday Inn by the Bay, York Room, 88 Spring St., Portland, ME 04101 | 10/20/03 9:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment B hereto

| PLACE | DATE AND TIME |
| --- | --- |
| Same as above | Same as above |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ W Barnes    Attorney for Plaintiffs | 9/12/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William B. Barnes, Esq., Rosenstein & Barnes, 1100 Kings Highway East, Fairfield, CT 06824 Tel (203) 367-7922, USDC Bar No. CT00268

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.