IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARRY L. SMITH, LOIS L. LYNN,
DARRELL KEITH HILL, ELIZABETH
CASE BOONE, WILEY H. HAYNES,
ROSA LEE BROOKSHIRE, HARRISON
YOUNG CLARK, FRANZISKA FINNEY,
JUDITH CASE KIRKPATRICK, WILSON
DANIEL McCLURE, CELIA DARLENE
METCALF, CHARLES R. REECE,
DOLPHUS LUTHER TREADWAY, JR.,
and MARTHA BURNETTE WHITLEY,

   Plaintiffs,

   v.

CHAMPION INTERNATIONAL
CORPORATION; LONG TERM
DISABILITY BENEFITS PLAN FOR
SALARIED EMPLOYEES OF
CHAMPION INTERNATIONAL
CORPORATION #506; LONG TERM
DISABILITY BENEFITS PLAN FOR
CERTAIN HOURLY EMPLOYEES OF
CHAMPION INTERNATIONAL
CORPORATION #703; and
INTERNATIONAL PAPER COMPANY,

   Defendants.

CIVIL ACTION NUMBER
302CV212 (GLG)

**MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
AGAINST CORE, INC.,
AND RESPONSE TO
CORE, INC.'S MOTION
TO QUASH
DEPOSITION SUBPOENAS**

NOVEMBER 4, 2003

  Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, plaintiffs move that CORE, Inc. be compelled to produce documents for plaintiffs' inspection; and plaintiffs hereby respond to the Motion of CORE, Inc. to Quash Deposition

Subpoenas and/or for a Protective Order, filed on October 21, 2003; and in support, plaintiffs show the following:

1. This is an action instituted by plaintiffs, former employees of Champion, for the resumption of their long term disability benefits under defendant Plans pursuant to ERISA, 29 U.S.C. § 1001, *et seq.*

2. All of the plaintiffs were initially approved for long term disability benefits under the defendant Plans.

3. From 1996 to 2000, all of the plaintiffs were terminated from their benefits under the defendant Plans.

4. A former defendant to this action, CORE, Inc. ("CORE"), was the service provider for Champion, responsible for reviewing all of the claims of the plaintiffs. In its capacity as service provider, CORE initiated review of each of the plaintiffs' claims, and ultimately recommended termination of their benefits to Champion. Without exception, Champion accepted CORE's recommendation, and terminated the benefits of each of the plaintiffs.

5. In the course of this litigation, plaintiffs have received copies of contracts executed between CORE and Champion, providing for CORE's participation as a third party "service provider."

*See Exh. 1 and 2.*[1]

6. On July 23, 2003, plaintiffs informed the Court that they intended to take depositions and request the production of documents from CORE. This Court suggested that plaintiffs take discovery of CORE on the standard of review initially, with the understanding that they could then take additional depositions at a later time with regard to facts which may be relevant to the case for purposes other than the standard of review. *See Stipulation and Order, August 11, 2003.*

7. On September 12, 2003, plaintiffs served defendants with notices to take depositions of CORE and selected employees, and to inspect documents pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure on October 20-22, 2003 in Maine and Massachusetts (their respective places of residence), and served subpoenas on CORE and its employees, as follows:

(A) Plaintiff served notice on defendants' counsel and served subpoenas on CORE pursuant to Rule 30(b)(6), describing the specific matters on which the deposition was to be taken, requesting that CORE designate one or more of its employees to provide such testimony, and requesting the production of

---

[1] All exhibits are attached to this motion.

3

documents described pursuant to Rule 45. *Exh. 3.*

(B) Plaintiffs served notice on defendants' counsel of the depositions of Roger Libby, Carole Bishop, Carole Lazazzera, Christine Gude, and Jerry D. Beavers, M.D. Plaintiff served subpoenas on Beavers, Lazazzera and Carole Bishop; plaintiffs were unable to serve Gude and Libby, who have apparently relocated. *Exh. 4.*

(C) On September 23, 2003, plaintiffs received a letter from CORE's counsel objecting to the scheduled depositions and production of documents on a number of grounds. *See Exh. 5.*

8. On October 10, 2003, plaintiffs' counsel, Robert M. Elliot, discussed the status of the depositions with CORE's counsel, James Finnigan. During their conversation, counsel could not agree on the proper scope of discovery to be covered in the depositions and document production, and Mr. Finnigan stated that he would file a motion to quash the subpoenas. Mr. Elliot also suggested that in the event that the parties were able to agree on the appropriate scope of discovery on the standard of review issues, plaintiffs might return, with the permission of the Court, to take additional depositions of the company and witnesses regarding the substance of each of the plaintiffs'

4

claims. Mr. Finnigan responded that he would oppose multiple depositions of the company and its witnesses. Mr. Elliot responded that he would file a motion to compel production of the documents. On that basis, the parties and CORE agreed to postpone the depositions until a court could resolve the issues between the plaintiffs and CORE. *See Exh. 6.*

9. Subsequently, CORE agreed to submit the company and its employees to the jurisdiction of this Court in order to expedite the resolution of the issues, and to avoid the delays and additional costs of proceeding in the federal courts in Massachusetts and Maine.

10. In their subpoena of documents from CORE, plaintiffs requested documents which are relevant, or reasonably calculated to lead to evidence relevant to the issues regarding the administrative record with respect to each plaintiff's claim, a potential conflict of interest of defendants, and the standard of review in this action. Plaintiffs have specifically described the documents and the basis of their potential relevance to the standard of review in their accompanying memorandum in support of this motion. Accordingly, plaintiffs' motion should be allowed.

11. The information to be solicited in the depositions of CORE

5

and its employees, is relevant and reasonably calculated to lead to evidence relevant to the issues regarding the administrative record with respect to each plaintiff's claim, a potential conflict of interest of defendants, and the standard of review in this action. Plaintiffs have specifically described the areas to be explored in their deposition of CORE, and the basis of potential relevance of the areas of inquiry to the above issues in their accompanying memorandum. Accordingly, CORE's motion to quash the subpoenas concerning the testimonial depositions should be denied.

12.    Plaintiffs request that they be permitted to conduct discovery against CORE.

WHEREFORE, plaintiffs request the following relief:

(a) That this Court conduct oral argument, as it deems appropriate;

(b) That plaintiffs' motion pursuant to Rule 45 (c) to compel production of documents from CORE be granted;

(b) That CORE's motion pursuant to Rule 45(c) to quash plaintiffs' subpoenas be denied;

(d) That this Court order that the depositions and document production previously scheduled be conducted without delay;

(e) That, alternatively, this Court make a determination of those specific areas which are deemed to relate to the administrative record, conflict of interest and the standard of review, and permit plaintiffs to depose CORE and its employees, and inspect documentation with respect to these areas initially;

6

and further order that CORE submit to additional depositions and document production at a later time concerning the substance and merits of plaintiffs' claims, as deemed appropriate by the Court, considering the appropriate standard of review; and

(f)  That this Court award reasonable attorneys' fees to plaintiffs' counsel for the filing and the argument of this motion and response to CORE's motion.

>THE PLAINTIFFS
>HARRY L. SMITH, ET AL
>
>BY: _____
>WILLIAM B. BARNES, ESQ.
>    (CT0268)
>Rosenstein & Barnes
>1100 Kings Hwy. East
>P.O. Box 687
>Fairfield, CT 06432
>Tel (203) 367-7922
>Fax (203) 367-8110
>E-mail wbarnes@rosenbar.com
>
>ROBERT M. ELLIOT, ESQ.
>Elliot Pishko Morgan, P.A.
>426 Old Salem Road
>Winston-Salem, NC 27101
>Tel (336) 724-2828
>Fax (336) 724-3335
>E-mail rmelliot@epmlaw.com
>
>RICHARD B. HARPER, ESQ.
>Harper Law Office
>Post Office Box 395
>Sylva, NC 28779
>Tel (828) 586-3305
>Fax (828) 586-4795
>E-mail rbharper@dnet.net

**CERTIFICATE OF SERVICE BY FIRST CLASS MAIL**

A copy of the foregoing Motion to Compel Production of Documents Against CORE, Inc., and Response to CORE, Inc.'s Motion to Quash Deposition Subpoenas was mailed this date, postage prepaid, to the following counsel of record to the addresses provided below on Nov. 4, 2003:

Bruce M. Steen, Esq.
McGuire Woods
3700 Bank of America Plaza
101 South Tryon St., Suite 3700
Charlotte, NC 28280-0008
Facsimile: 704-353-6244

Barry J. Waters, Esq.
Murtha Cullina, LLP
Whitney Grove Sq.,
Two Whitney Ave.,
P.O. Box 704
New Haven, CT 06503-0704
Facsimile: 203-772-7723

James T. Finnigan, Esq.
Rich May
176 Federal Street
Boston, MA 02110-2223
Facsimile: 617-556-3889

WILLIAM B. BARNES, ESQ.

OF COUNSEL:

Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432

9