FILED
Jan 15  2 40 PM '04

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARRY L. SMITH, LOIS L. LYNN, )
DARRELL KEITH HILL, ELIZABETH )
CASE BOONE, WILEY H. HAYNES, )
ROSA LEE BROOKSHIRE, HARRISON )
YOUNG CLARK, FRANZISKA FINNEY, )
JUDITH CASE KIRKPATRICK, WILSON )
DANIEL McCLURE, CELIA DARLENE )
METCALF, CHARLES R. REECE, )
DOLPHUS LUTHER TREADWAY, JR., and )
MARTHA BURNETTE WHITLEY, )
　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiffs, 　　　　　　　) CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　 ) 302CV212 (GLG)
　　v. 　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　 )
CHAMPION INTERNATIONAL )
CORPORATION; LONG TERM )
DISABILITY BENEFITS PLAN FOR )
SALARIED EMPLOYEES OF )
CHAMPION INTERNATIONAL )
CORPORATION #506; LONG TERM )
DISABILITY BENEFITS PLAN FOR )
CERTAIN HOURLY EMPLOYEES OF )
CHAMPION INTERNATIONAL )
CORPORATION #703; INTERNATIONAL )
PAPER COMPANY; and CORE, INC., )
　　　　　　　　　　　　　　　　　 )
　　　　　Defendants. 　　　　　　 )
　　　　　　　　　　　　　　　　　 ) January 12, 2004

**PLAINTIFFS' MOTION FOR
EXTENSION OF DISCOVERY PERIOD**

Plaintiffs respectfully move for a six month extension of the discovery period in this action, and represent:

1. This is an action for denial of benefits pursuant to ERISA, 28 U.S.C. § 1132(a)(1)(B). The plaintiffs are individual disabled claimants formerly employed by defendant Champion International, Inc. (now merged with defendant International Paper Company).

2. On April 30, 2003, plaintiffs filed their first motion to compel discovery concerning plaintiffs' first set of interrogatories and requests for production of documents.

3. This action was referred to United States Magistrate Judge William I. Garfinkel on May 22, 2003.

4. On July 23, 2003, Judge Garfinkel conducted a hearing to determine the status of discovery. During the hearing, the Court and the parties reached an understanding concerning the scope and status of discovery in the action and anticipated discovery to be conducted thereafter.

5. On August 11, 2003, the Court approved a Stipulation and Order incorporating the agreement of the parties during their discovery status conference on July 23, 2003. Specifically, the parties stipulated and the Court ordered the following:

>   (a) The parties would attempt to resolve their issues concerning plaintiffs' first motion to compel discovery;
>
>   (b) Defendants would supplement their responses to plaintiffs' second and third sets of discovery, and would produce additional documents which defendants would provide without a court order within 30 days of the order;

    (c)    The Court encouraged plaintiffs to conduct discovery of CORE, Inc., on the understanding that plaintiffs would not be barred from taking further discovery from CORE at a later time following the determination of the standard of review;

    (d)    The Court encouraged the parties to contact the Court to request "a discovery conference or additional guidance regarding the course of discovery;" and

    (e)    The discovery period would end on December 31, 2003, subject to "further discovery Orders of the Court."

6.    Pursuant to the Court's order, plaintiffs attempted to schedule depositions of CORE employees and officials, and to request production of documents from CORE at their locations in Massachusetts and Maine. After coordinating schedules of the parties, the dates set for the depositions were October 20-22, 2003. Plaintiffs served subpoenas on CORE and its various employees.

7.    On October 8, 2003, CORE informed plaintiffs that it did not intend to engage in discovery in this action. Attorneys for CORE and plaintiffs discussed their respective positions, and were unable to reach any resolution of the issues. *See Plaintiffs' Motion to Compel Production of Documents and Response to CORE, Inc.'s Motion to Quash Deposition Subpoenas*, and accompanying affidavit filed with the Court on November 4, 2003. CORE then filed a motion to quash the subpoenas, and the plaintiffs filed their motion to compel the production of documents of CORE

and their response to CORE's motion. *Id.*

    8.    In the meantime, defendants supplemented their discovery on several different occasions, as follows:

    (a)    On September 10, 2003, defendants served Defendants' Supplemental Answers and Responses to Plaintiffs' Second Interrogatories and Requests for Production of Documents;

    (b)    On September 10, 2003, defendants served Defendants' Supplemental Answers and Response to Plaintiffs' Third Interrogatories and Requests for Production of Documents;

    (c)    On October 29, 2003, defendants served Defendants' Second Supplement Answers and Responses to Plaintiffs' Second Interrogatories and Requests for Production of Documents. In addition, defendants produced approximately 3,000 pages of documents which plaintiffs received thereafter; and

    (d)    Defendants served additional documents on plaintiffs at the depositions which were conducted in Memphis, Tennessee on November 12-14, 2003.

    9.    Plaintiffs deposed defendants and their employees. Specifically, on November 12-14, 2003, plaintiffs conducted depositions of identified employees or former employees of defendant and a Rule 30(b)(6) deposition of defendants in Memphis, Tennessee.

    10.    On November 19, 2003, plaintiffs conducted a deposition of Mary Lee Dixon, the former benefits coordinator of Champion near Cincinnati, Ohio.

    11.    Following the above depositions, plaintiff learned of additional facts which justified further discovery of defendants.

Accordingly, on November 26, 2003, plaintiffs served defendants with Plaintiffs' Requests for Production of Documents (fourth set) seeking limited information which had been identified in the depositions.

12. On November 26, 2003, plaintiffs served notice to take a Rule 30(b)(6) deposition of defendants concerning two additional areas which had been identified in the previous depositions — the same issues and areas which were the subject of plaintiffs' fourth set of discovery requests. The deposition was to be conducted on December 12, 2003. Prior to the deposition, plaintiffs' counsel received correspondence from defendants' counsel stating that there were no individuals who could be identified to testify on two of the three areas listed in plaintiffs' Rule 30(b)(6) notice. Defendants' counsel further suggested that the parties agree to postpone any deposition on the third area identified in the notice pending resolution of all pending and anticipated discovery motions by the Court. Counsel stated that he would not oppose an extension of discovery following any resolution by the Court to permit plaintiffs' counsel to take the noticed deposition. Plaintiffs' counsel agreed with this request. *See Attachment 1*.

13. On December 29, 2003, plaintiffs received defendants' response to plaintiffs' fourth requests for production of documents in which defendants promised to serve documents. On

5

January 6, 2004, plaintiffs received approximately 189 pages of documents in response to their fourth set of discovery requests.

14. The parties have diligently pursued discovery in this action, but are in need of the Court's guidance and resolution of issues raised by the parties and CORE before completing discovery.

## PRESENT STATUS OF DISCOVERY

15. The following motions are presently pending before this Court:

    (a) Plaintiffs' Motion to Compel Discovery Defendants to Answer Their First Set of Interrogatories and Requests for Production of Documents, filed April 30, 2003;

    (b) Motion of CORE to Quash Deposition Subpoenas And/or for a Protective Order, October 21, 2003;

    (c) Plaintiffs' Motion to Compel Production of Documents Against CORE, Inc. and Response to Core, Inc.'s Motion to Quash Deposition Subpoenas, filed November 4, 2003.

16. Plaintiffs will file the following motions by January 20, 2004:

    (a) Plaintiffs' motion to compel discovery concerning issues raised in defendants' responses to plaintiffs' second, third and fourth sets of discovery; and

    (b) Plaintiffs' supplemental response to the CORE motions, incorporating deposition testimony from the transcripts which they have recently received which is directly relevant to the motions regarding discovery of CORE.

17. Plaintiffs have requested oral argument concerning all

pending motions and also a discovery conference before the Court.

18. Given the remaining issues to be determined, plaintiffs are in need of an extension of six months to permit time for a hearing before the Court and the conclusion of final discovery. Plaintiffs' counsel is in the process of notifying defendants' counsel to determine defendants' position with respect to this motion. Counsel will notify the Court as soon as he receives defendants' position.

WHEREFORE, plaintiffs request the following relief:

(a) That the Court schedule all motions for oral argument in the near future;

(b) That at the time of oral argument, the Court conduct a discovery status conference of the parties;

(c) That the Court permit an extension of six months to permit time for a hearing before the Court and the conclusion of discovery in this action.

THE PLAINTIFFS
HARRY L. SMITH, ET AL

BY: /s/ W Barnes
WILLIAM B. BARNES, ESQ.
(CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432
Tel (203) 367-7922
Fax (203) 367-8110
E-mail wbarnes@rosenbar.com

7

ROBERT M. ELLIOT, ESQ.
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel (336) 724-2828
Fax (336) 724-3335
E-mail rmelliot@epmlaw.com

RICHARD B. HARPER, ESQ.
Harper Law Office
Post Office Box 395
Sylva, NC 28779
Tel (828) 586-3305
Fax (828) 586-4795
E-mail rbharper@dnet.net

## CERTIFICATION

A copy of the foregoing was served by facsimile and mailed first class mail, postage prepaid, this __12__ day of January, 2004, to the following counsel of record:

Bruce M. Steen, Esq.
McGuire Woods
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte NC 28202-4011

Barry J. Waters, Esq.
Murtha Cullina, LLP
Whitney Grove Sq.,
Two Whitney Ave.,
P.O. Box 704
New Haven, CT 06503-0704

_____
WILLIAM B. BARNES, ESQ.

Bank of America Corporate Center
100 North Tryon Street
Suite 2900
Charlotte, NC 28202-4011
Phone: 704.373.8999
Fax: 704.373.8935
www.mcguirewoods.com

# McGUIREWOODS

Bruce M. Steen
Direct Dial: (704) 353-6244
Direct Fax: (704) 353-6200
e-mail: bsteen@mcguirewoods.com

December 8, 2003

**By Facsimile & U.S. Mail**

Robert M. Elliot, Esquire
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, North Carolina 27101

Re: <u>Harry L. Smith, et al</u>. v. <u>Champion International Corp, et al</u>.

Dear Robert:

  This is to inform you that we are not prepared to make a witness available to testify regarding the first two items on Attachment A to plaintiffs' December 4, 2003, Amended Notice to Take Depositions in the Smith, *et al.* matter. This is so because we cannot identify any individual who has the requisite knowledge necessary to testify regarding those areas of inquiry. The individuals who may have directed the activities of the so-called "LTD Committee" or participated in that Committee's meetings, and those individuals who may have directed the internal audit department's inquiries regarding disability claims pursuant to the hourly and salaried disability plans either already have testified – *e.g.*, Mark Lehman and Tom Rodriguez – or are no longer employed by International Paper.

  This is confirmed by the current state of our search for documents responsive to plaintiffs' November 26, 2003, document request in which plaintiffs request documents regarding the LTD Committee and the activities of the internal audit department. To date, we have been able to locate only a few documents from 1994 and 1995 and those documents confirm that those individuals with the requisite knowledge to testify regarding the LTD Committee and internal audit activities are no longer employed by the company.

  The documents located to date also reveal that Martha Whitley was the only plaintiff even considered by the LTD Committee and/or internal audit department. As such, the activities of the LTD Committee and/or internal audit department may have no relevance to the claims of the remaining thirteen plaintiffs. That conclusion will not change unless we locate additional documents which relate to the remaining plaintiffs.

  In short, due to the passage of time and employee attrition, we have no additional witnesses able to testify with any reasonable degree of competency regarding the activities of the LTD Committee or internal audit department as requested in plaintiffs' deposition notice. Moreover, even if such a person were available, based on our review to date, the activities of the LTD Committee and internal audit department may have relevance to only one of the fourteen

plaintiffs. We, therefore, will not have a witness available to testify regarding the first two items on Attachment A to plaintiffs' December 4, 2003, Amended Notice to Take Depositions.

Although we will have a witness available to testify regarding item 3 of plaintiffs' deposition notice, in our view it would be prudent to postpone the deposition until after the Court has an opportunity to review the various discovery motions and responses presently before it and those likely to be filed in the next few weeks. If the Court grants plaintiffs' discovery motion, it will have to extend the discovery deadline to permit plaintiffs to conduct their requested discovery. If the Court denies plaintiffs' motion, we would not object to extending the discovery deadline to permit plaintiffs to take the deposition as described in Item 3.

Thank you for your attention to this matter.

Sincerely yours,

Bruce M. Steen

BMS:bs
cc: Barry Waters, Esquire (By facsimile)
William B. Barnes, Esquire (By facsimile)
Richard Harper, Esquire (By facsimile)