UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARRY L. SMITH, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:02cv212 (GLG) |
| CHAMPION INTERNATIONAL ) | |
| CORPORATION, ET AL., ) | February 9, 2004 |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF CORE, INC. IN RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

CORE, INC. ("CORE") submits this memorandum in response to Plaintiffs' Supplemental Memorandum in Opposition to Motion of CORE, INC. to Quash Deposition Subpoenas and/or for a Protective Order and in Support of Plaintiffs' Motion to Compel Discovery from CORE, INC. ("Pl. Supp. Memo.").

**ARGUMENT**

**I.   The Plaintiffs' Have Presented A False And Distorted Version Of Champion's Decision-Making Process Concerning The Termination Of Plaintiffs' Benefits And CORE's Relationship With Champion**

The plaintiffs claim that recent depositions of employees of Champion International Corporation ("Champion") disprove CORE's assertions that it did not make the decision to terminate the plaintiffs' long term disability benefits and had no financial interest in the outcome of those decisions. As more fully explained in the Defendants' Response to Pl. Supp. Memo. ("Defendants' Response"), the plaintiffs' arguments are completely false because they are based on egregious misrepresentations of the deposition testimony of those employees and deliberately ignore the deposition testimony of other employees. Hence, CORE adopts the Defendants'

{N0713720}

Response with respect to the pseudo-factual assertions made by the plaintiffs. Furthermore, the Defendants' Response unequivocally demonstrates that the plaintiffs' pursuit of discovery from CORE is groundless and amounts to harassment of a non-party. Consequently, this Court should order the plaintiffs to pay CORE's attorneys' fees and costs incurred in connection with responding to plaintiffs' frivolous discovery requests.

A.     **The Plaintiffs' Discovery Position Is Legally Untenable**

The plaintiffs' position is also legally bankrupt because they have ignored the fact that "the scope of discovery in ERISA cases permitted is simply not the same as the discovery permitted by Fed.R.Civ.P. 26(c)." *Fitts v. Federal National Mortgage Association*, 204 F.R.D. 1, 3-4 (D.D.C. 2001). Moreover, any permitted discovery should be consistent with the primary goal of ERISA which is to provide a method for inexpensive and expeditious resolution of disputes. *Id*. at 4. The plaintiffs have not cited and CORE is not aware of any case in which discovery of a non-party (such as CORE) was permitted in a benefits recovery action under ERISA. Indeed, it is self-evident that such discovery is *per se* irrelevant because the non-party has no information that could establish the parameters of the administrative record or show that the fiduciary had any possible conflict of interest when it made the benefits decision in question.

For example, in *Abromitis v. Continental Casualty Co.*, 261 F.Supp. 2d 388 (W.D.N.C. 2003), the plaintiff filed a motion to compel the defendant to answer interrogatories about the number of times the defendant contracted with an independent vocational consultant and the amount of money paid to the consultant or her company. The plaintiff claimed the information was relevant to the issue of the consultant's bias and possible conflict of interest. The Court denied the plaintiff's motion because the information requested was irrelevant.

The Court explained that the vocational consultant was not the decision maker and it was not her decision that was the subject of the Court's review. Instead, it was the defendant's decision and only evidence concerning the defendant's conflict of interest that was relevant. 261 F.Supp. 2d at 390. The Court further explained that permitting discovery requests of non-parties "would increase both the time and expense involved in reviewing ERISA benefits decisions." 261 F.Supp. 2d at 391. *See also Donnell v. Metropolitan Life Ins. Co.*, 2003 WL 21655189 (E.D.Va. 2003) (denying plaintiff's request for discovery because court's review was limited to the administrative record); *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1280-81 (C.D.Cal. 1998) (explaining why discovery is disfavored in ERISA actions).

## II.    This Court Should Award CORE Its Attorneys' Fees and Costs Incurred in Connection With Responding To Plaintiffs' Discovery Requests

The Defendants' Response not only utterly eviscerates plaintiffs' arguments that they should be allowed to take discovery of CORE, but exposes them as frivolous. This Court should award CORE its attorneys' fees and costs for having to file a motion to quash and various memoranda, including this one, responding to plaintiffs' frivolous and misleading arguments.

Fed.R.Civ.P. 45(c)(1) requires the party issuing the subpoena "to avoid imposing undue burden or expense on a person subject to a subpoena. " The Rule further states that the court "shall impose upon the party or attorney in breach of this duty an appropriate sanction, which may include , but is not limited to . . . a reasonable attorney's fee." Under Rule 45, discovery requests that seek irrelevant documents or deposition testimony are an "undue burden." *See Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335 (D.C.Cal. 1995).

{N0713720}                                       3

The plaintiffs' have sought deposition testimony and documents from CORE that are completely extraneous to the issues in this case. It is well settled that the scope of discovery in ERISA cases is very limited and no court has ever required a non-party in an ERISA case to produce documents or witnesses for a deposition. Finally, the discovery record in this case establishes that plaintiffs' pursuit of discovery from CORE is nothing but harassment. Hence, this Court should award CORE the attorney's fees and costs it has incurred in responding to plaintiffs' frivolous discovery requests.

## **CONCLUSION**

For the reasons set forth above, this Court should quash the subpoenas served upon CORE and the CORE Employees, and/or issue a protective order that the depositions of CORE and the CORE Employees are prohibited and deny plaintiff's motion to compel CORE to produce documents.  In addition, the Court should award CORE, its attorneys' fees and costs in responding to plaintiffs' efforts to obtain discovery from CORE.

Dated at New Haven, Connecticut this 9th day of February, 2004.

{N0713720}                                                                 4

                                                         CORE, INC.

                                                         By its attorneys,

                                                       /S/  Howard K. Levine
                                                       Howard K. Levine
                                                       Federal Bar No. ct10555
                                                       CARMODY & TORRANCE, LLP
                                                       195 Church Street
                                                       Post Office Box 1950
                                                       New Haven, CT  06509-1950
                                                       (203) 777-5501

Of Counsel:
James T. Finnigan
Federal Bar No. ct18757
RICH MAY, a Professional Corporation
176 Federal Street
Boston, MA  02110
(617) 556-3800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 9th day of February 2004 to:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Suite 1C
PO Box 687
Fairfield, CT  06430

Robert M. Elliot, Esq.
J. Griffin Morgan, Esq.
Elliot, Pishko, Gelbin & Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC  27101

Richard B. Harper, Esq.
Law Offices of Richard B. Harper
PO Box 395
Sylva, NC  28779-0395

Barry J. Waters, Esq.
Murtha Cullina LLP
Two Whitney Avenue
PO Box 704-A
New Haven, CT  06503-0704

Bruce M. Steen
McGuireWoods LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, NC  28280-4022

/S/  Howard K. Levine
Howard K. Levine