IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HARRY L. SMITH, LOIS L. LYNN,<br>DARRELL KEITH HILL, ELIZABETH<br>CASE BOONE, WILEY H. HAYNES,<br>ROSA LEE BROOKSHIRE, HARRISON<br>YOUNG CLARK, FRANZISKA FINNEY,<br>JUDITH CASE KIRKPATRICK, WILSON<br>DANIEL McCLURE, CELIA DARLENE<br>METCALF, CHARLES R. REECE,<br>DOLPHUS LUTHER TREADWAY, JR., and<br>MARTHA BURNETTE WHITLEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| | ) | **302CV212 (GLG)** |
| v. | ) | |
| | ) | |
| CHAMPION INTERNATIONAL<br>CORPORATION; LONG TERM<br>DISABILITY BENEFITS PLAN FOR<br>SALARIED EMPLOYEES OF<br>CHAMPION INTERNATIONAL<br>CORPORATION #506; LONG TERM<br>DISABILITY BENEFITS PLAN FOR<br>CERTAIN HOURLY EMPLOYEES OF<br>CHAMPION INTERNATIONAL<br>CORPORATION #703; and INTERNATIONAL<br>PAPER COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **February 12, 2004** |
| **Defendants.** | ) | **ORAL ARGUMENT REQUESTED** |
| _____ | ) | |

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and D.Conn. Local R. 37, plaintiffs' hereby move the Court to compel defendants to provide discovery in response to plaintiffs' second, third and fourth sets of discovery requests. In support of this motion, plaintiffs

state the following:

1.      On April 30, 2003, plaintiffs served on defendants Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents to Defendants (hereafter "plaintiffs' discovery requests II") pursuant to Rules 33 and 34.  Defendants have responded to plaintiffs' discovery requests II as follows:

(a)      On June 27, 2003, defendants served Defendants' Answers and Responses to Plaintiffs' Second Interrogatories and Request for Production of Documents.  In these responses, defendants provided some information, objected to some of plaintiffs' requests, and promised additional information and documents at a later time.  *See Exhibit 1.*

(b)      Following the parties' hearing before United States Magistrate Judge Garfinkel on July 23, 2003, the parties entered into a Stipulation and Order, dated August 11, 2003, in which defendants stated that they would provide additional documents in response to plaintiffs' discovery requests II within 30 days of the order.  *See Exhibit 2.*

(c)      On September 10, 2003, defendants served Defendants' Supplemental Answers and Responses to Plaintiffs' Second Interrogatories and Request for Production of Documents, in which they supplemented their answers and responses and promised additional information upon the execution of a protective order.  *See Exhibit 3.*  The parties subsequently agreed on the terms of a protective order.

(d)      On October 29, 2003, defendants served Defendants' Second Supplemental Answers and Responses to Plaintiffs' Second Interrogatories and Request for Production of Documents on plaintiffs.   *See Exhibit 4.* Along with these responses, defendants copied approximately 3,000 pages of documents (with redactions) which were provided to plaintiffs on or about November 3, 2003.

2.      On April 30, 2003, plaintiffs served on defendants Plaintiffs' Third Set of Interrogatories and Requests for Production of Documents to Defendants (hereafter "plaintiffs' discovery requests III") pursuant to Rules 33 and 34.  Defendants have responded to plaintiffs' discovery requests III as follows:

(a)      On June 27, 2003, defendants served Defendants' Answers and Responses to Plaintiffs' Third Interrogatories and Request for Production of Documents.  In these responses,

defendants provided some information, objected to some of plaintiffs' requests, and promised additional information and documents at a later time. *See Exhibit 5.*

(b)     Following the parties' hearing before United States Magistrate Judge Garfinkel, the parties entered into a Stipulation and Order, dated August 11, 2003, in which defendants stated that they would provide additional documents in response to plaintiffs' discovery requests III within 30 days of the order. *See Exhibit 2.*

(c)     On September 10, 2003, defendants served Defendants' Supplemental Answers and Responses to Plaintiffs' Third Interrogatories and Request for Production of Documents, in which they supplemented their answers and responses.  *See Exhibit 6.*

3.     On November 26, 2003, plaintiffs served on defendants Plaintiffs' Requests for Production of Documents to Defendants (hereafter "plaintiffs' discovery requests IV") pursuant to Rules 33 and 34.  Defendants have responded to plaintiffs' discovery requests IV as follows:

(a)     On December 29, 2003, defendants served Defendants' Responses to Plaintiffs' Fourth Request for Production of Documents.  In these responses, defendants produced some documents and objected to some of plaintiffs' requests. *See Exhibit 7.*

(b)     On January 6, 2004, defendants served Defendants' Supplemental Responses to Plaintiffs' Fourth Request for Production of Documents, in which they produced additional documents. *See Exhibit 8.*

4.     On January 13, 2004, plaintiffs' counsel sent a letter to defendants' counsel itemizing defendants' discovery responses to plaintiffs' discovery requests I, II, III and IV which plaintiffs contend are deficient. *See Exhibit 9, Affidavit of Robert M. Elliot (Attachment A).* Defendants' counsel responded by letter dated January 22, 2004, clarifying their positions and agreeing to provide additional documents. *See Exhibit 9 (Attachment B).* Plaintiffs' counsel received a box containing additional documents on January 25, 2004.

5.     In their responses to plaintiffs' discovery requests II , III, and IV[1], defendants objected and refused to provide information regarding the disability claims of other claimants.

---

[1]In addition, the same issue was raised concerning defendants' refusal to respond to no. 1(c) of plaintiffs' first set of discovery requests in plaintiffs' first motion to compel which is pending before this Court.

Specifically, this issue is raised with respect to the following discovery requests:

      (a)     Request for production of documents (hereafter "RPD") 6-7, 14-15, 29, 31-32, 55-60, and 67 of plaintiffs' discovery requests II;

      (b)     Interrogatory no. 4 and RPD 18 of plaintiffs' discovery requests III; and

      (c)     RPD 1-3 of plaintiffs' discovery requests IV.

      6.     The above information is relevant or calculated to lead to evidence relevant to the issues raised in this action concerning the appropriate standard of review to be applied by this Court in reviewing plaintiffs' claims. *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, (2nd Cir. 1996); *Zuckerbrod v. Phoenix Mut. Life Ins. Co.*, 78 F.3d 46 (2nd Cir. 1996).

      7.     In their responses to plaintiffs' discovery requests II, III, and IV, defendants also refused to provide the information and documents requested in the following discovery requests:

      (a)     With respect to plaintiffs' discovery requests II, RPD 4-5, 20-22, 23-28, 50-51, 55-60, and 61;

      (b)     With respect to plaintiffs' discovery requests III, interrogatory 4 and RPD 18; and

      (c)     With respect to plaintiffs' discovery requests IV, RPD 1-3.

      8.     The above information is relevant or calculated to lead to evidence relevant to the issues presented in this case. *Id*.

      9.     Plaintiffs are entitled to and are in need of the above information and documents in order to complete their discovery in this action.

      10.     As stated above, plaintiffs' counsel has contacted defendants' counsel in an effort to resolve the issues presented in this motion. Based on defense counsel's response, some issues have been resolved. However, the parties have, to date, been unable to resolve their dispute concerning the above discovery requests, and are in need of the guidance of the Court. *See Exhibit 9, Affidavit of Robert M. Elliot*.

      11.     Following the Court's rulings on this motion, and plaintiffs' motions concerning their discovery of CORE, Inc., plaintiffs will need additional reasonable time in which to complete their

discovery,[2] based on the Court's determinations of the various pending motions.

WHEREFORE, plaintiffs hereby request the following relief:

(A)     That this Court conduct oral argument concerning the issues raised in this motion, as well as other motions pending before the Court;

(B)     That this Court compel defendants to provide and produce the above information and documents, and order defendants to pay plaintiffs reasonable attorneys' fees and costs;

(C)     That following the Court's hearing, the Court permit plaintiffs' additional reasonable time in which to complete and conclude their discovery in this action.


This the _____ day of February, 2004.

---

[2]On January 12, 2004, plaintiffs filed Plaintiffs' Motion for Extension of Discovery Period for this purpose.  On or about January 29, 2004, defendants filed Defendants' Consolidated Response to Plaintiffs' Motion for Rule 16 Conference and Plaintiffs' Motion for Extension of Discovery Period agreeing, in principle, to some extension of discovery following the Court's rulings.

THE PLAINTIFFS
HARRY L. SMITH, ET AL


BY:_____

ROBERT M. ELLIOT, ESQ.
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel (336) 724-2828
Fax (336) 724-3335
E-mail rmelliot@epmlaw.com


WILLIAM B. BARNES, ESQ. (CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432
Tel (203) 367-7922
Fax (203) 367-8110
E-mail wbarnes@rosenbar.com


RICHARD B. HARPER, ESQ.
Harper Law Office
Post Office Box 395
Sylva, NC 28779
Tel (828) 586-3305
Fax (828) 586-4795
E-mail rbharper@dnet.net

## CERTIFICATE OF SERVICE

I certify that a copy of the Plaintiffs' Second Motion to Compel Discovery was sent by first-class mail, postage prepaid, on February 12, 2004.

**ADDRESSEES:**

Bruce M. Steen, Esq.
McGuire Woods
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, NC 28202

Barry J. Waters, Esq.
Murtha Cullina, LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, CT 06503-0704

_____
Robert M. Elliot