**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAY -5 P 4: 50

U.S. DISTRICT COURT
BRIDGEPORT, CONN

--------------------------------------------------------

HARRY L. SMITH, et al.          :

Plaintiffs,          :          CIVIL ACTION NO.
                                 3:02-cv-00212 (GLG)
v.          :

          :

CHAMPION INTERNATIONAL CO., et al.          :

Defendants.          :

--------------------------------------------------------

## RULING ON PENDING DISCOVERY MOTIONS AND AMENDED SCHEDULING ORDER

Currently pending are CORE's Motion for Protective Order (Doc. # 53-1); Core's

Motion to Quash (Doc. # 53-2); Plaintiffs' Motion to Compel (Doc. # 58); Plaintiffs' Motion

for a Rule 16 conference (Doc. # 62); Plaintiffs' Motion for Extension of time (Doc. # 63);

Plaintiffs' motion to compel (Doc. # 70) and Defendants' Motion for Protective Order (Doc.

#75). After a hearing on these pending motions, the Court enters the following order.

    1.    CORE shall produce documents, created between January 1, 1995 and

December 31, 2000, as follows:   (a) all documents concerning the named plaintiffs,

including, but not limited to, their full administrative records;  (b) all documents, including

reports, referenced in the service agreements between Champion and CORE that CORE

actually provided to Champion; (c) all documents concerning CORE and Champion's

relationship and CORE's work on Champion's long term disability income plans; (d) all

materials, including marketing materials, prepared by or for CORE, Inc. to solicit new work,

1

or continued work, from Champion;  (e) all documents concerning or referencing costs

and/or savings associated with the work done by CORE, Inc. for Champion; (f) all audits,

reports, surveys or analyses prepared by CORE, Inc. or Champion regarding CORE's work

on Champion's long term disability income plans; (g) any documents concerning or

referencing the compensation paid to CORE, Inc. for work it performed for Champion.

CORE shall redact references to claimants other than the individual named plaintiffs.

     2.     SCORE shall produce documents, created between January 1, 1995 and

December 31, 2000, as follows: (a) all documents, including reports, referenced in the

SCORE, Inc., service agreements with Champion that SCORE actually provided  to

Champion; (b) all documents concerning or referencing costs and/or savings associated with

the work done by SCORE, Inc. for Champion; (c) all documents concerning CORE and

SCORE's relationship that relate to SCORE's work on Champion's long term disability

income plans,; (d) all audits, reports, surveys or analyses prepared by SCORE, Inc. or

Champion that relate to SCORE's work on Champion's long term disability income plans;

(e) all materials, including marketing materials, prepared by or for SCORE, Inc., to solicit

new work, or continued work, from Champion; and (f) any documents concerning or

referencing the compensation paid to SCORE, Inc., for work it performed for Champion.

SCORE shall redact references to claimants other than the individual named plaintiffs.

     3.     After producing the documents described in paragraphs 1 and 2, Plaintiffs

may take two depositions of CORE, Inc., employees. One deposition shall be of a CORE,

Inc., records custodian.  The other deposition shall be of a CORE, Inc., employee.  The first

deposition shall identify, authenticate and explain the documents produced.  The second

deposition shall clarify ambiguities in the documents produced. The depositions shall cover the named Plaintiffs and also the relationship between Defendants and CORE, Inc., and/or SCORE, Inc. CORE, Inc., shall designate one or more employees to testify as records custodian. Plaintiffs may either name the CORE, Inc., employees to be deposed at the second deposition, or supply counsel for CORE, Inc., with subjects of testimony and have CORE, Inc., designate a witness or witnesses. Each deposition shall last no more than one day. Plaintiffs may designate witnesses or representatives on notice to all counsel, including counsel for CORE, Inc., and shall not be required to serve new subpoenas in connection with these depositions.

4.      CORE and Champion shall produce the documents described in paragraphs 1 and 2 within thirty days of the entry of this Order. An extension of time will not be permitted because CORE and Champion have been aware of the Court's intent to order production since the hearing in this matter.

5.      Champion and/or CORE are not required to produce documents relating to long term disability claimants other than the individual named plaintiffs at this time. Plaintiffs may request access to documents concerning other claimants at a later date, if they feel that access is necessary.

6.      The parties and non-party CORE may schedule a telephonic conference with the undersigned to resolve disputes regarding the scope of this Order and potential claims of undue burden by CORE.

7.      The Scheduling Order is amended as follows: (a) discovery shall be completed by December 3, 2004; (b) dispositive motions shall be filed by January 15, 2005;

and (c) the trial memorandum shall be filed the earlier of either forty-five days after the Court's ruling on any dispositive motions or March 1, 2005.

## CONCLUSION

Core's Motion for Protective Order (Doc. # 53-1) is GRANTED in part and DENIED in part; Core's Motion to Quash (Doc. # 53-2) is GRANTED in part and DENIED in part; Plaintiffs' motion to Compel (Doc. # 58) is GRANTED in part and DENIED in part; Plaintiffs' Motion for a Rule 16 conference (Doc. # 62) is GRANTED; Plaintiffs' Motion for Extension of time (Doc. # 63) is GRANTED; Plaintiffs' motion to compel (Doc. # 70) is GRANTED in part and DENIED in part; and Defendants' motion for a protective order (Doc. #75) is GRANTED in the absence of opposition.

SO ORDERED, this the 5th day of May, 2004 at Bridgeport, Connecticut.

William I. Garfinkel
U.S. Magistrate Judge

4