# Exhibit C

TITLE 29 -- LABOR;
REVISED AS OF JULY 1, 1993
SUBTITLE B -- REGULATIONS RELATING TO LABOR

CHAPTER XXV -- PENSION AND WELFARE BENEFITS ADMINISTRATION, DEPARTMENT OF LABOR
SUBCHAPTER G -- ADMINISTRATION AND ENFORCEMENT UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974

PART 2560 -- RULES AND REGULATIONS FOR ADMINISTRATION AND ENFORCEMENT

§ 2560.503-1 Claims procedure.

29 CFR 2560.503-1

(a) Scope and purpose. (1) This section sets out certain minimum requirements for employee benefit plan procedures pertaining to claims by participants and beneficiaries (claimants) for plan benefits, consideration of such claims, and review of claim denials, hereinafter referred to in the aggregate as "claims procedures." Except as otherwise noted, these requirements apply to every employee benefit plan described in section 4(a) and not exempted under section 4(b) of the Employee Retirement Income Security Act of 1974 (the Act).

(b) Obligation to establish a reasonable claims procedure. Every employee benefit plan shall establish and maintain reasonable claims procedures.

(1) A claims procedure will be deemed to be reasonable only if it:

(i) Complies with the provisions of paragraphs (d) through (h) of this section, except to the extent that it is deemed to comply with some or all of such provisions under the authority of paragraph (b)(2) or paragraph (j) of this section.

(ii) Is described in the summary plan description, as required by § 2520.102-3,

(iii) Does not contain any provision, and is not administered in a way, which unduly inhibits or hampers the initiation or processing of plan claims, and

(iv) Provides for informing participants in writing, in a timely fashion, of the time limits set forth in paragraphs (e)(3) and (g)(3) and paragraph (h) of this section.

(2) In the case of a plan established and maintained pursuant to a collective bargaining agreement (other than a plan subject to the provisions of section 302(c)(5) of the Labor Management Relations Act, 1947 concerning joint representation on the board of trustees):

(i) Such plan will be deemed to comply with the provisions of paragraphs (d) through (h) of this section if the collective bargaining agreement pursuant to which the plan is established or maintained sets forth or incorporates by specific reference.

(A) Provisions concerning the filing of benefit claims and the initial disposition of benefit claims, and

(B) A grievance and arbitration procedure to which denied claims are subject.

(ii) Such plan will be deemed to comply with the provisions of paragraphs (g) and (h) of this section (but will not be deemed to comply with paragraphs (d) through (f)) if the collective bargaining agreement pursuant to which the plan is established or maintained sets forth or incorporates by specific reference a grievance and arbitration procedure to which denied claims are subject (but not provisions concerning the final and initial disposition of benefit claims).

(c) Claims procedure for an insured welfare or pension plan. (1) To the extent that benefits under an employee benefit plan are provided or administered by an insurance company, insurance service, or other similar organization

which is subject to regulation under the insurance laws of one or more States, the claims procedure pertaining to such benefits may provide for filing of a claim for benefits with and notice of decision by such company, service or organization.

(2) See paragraph (g) regarding review and final decision on denied claims by insurance companies, insurance services and similar organizations.

(d) Filing of a claim for benefits. For purposes of this section, a claim is a request for a plan benefit by a participant or beneficiary. A claim is filed when the requirements of a reasonable claim filing procedure of a plan have been met. If a reasonable procedure for filing claims has not been established by the plan, a claim shall be deemed filed when a written or oral communication is made by the claimant or the claimant's authorized representative which is reasonably calculated to bring the claim to the attention of:

(1) In the case of a single employer plan, either the organizational unit which has customarily handled employee benefits matters of the employer, or any officer of the employer.

(2) In the case of a plan to which more than one unaffiliated employer contributes, or which is established or maintained by an employee organization, either the joint board, association, committee or other similar group (or any member of any such group) administering the plan, or the person or organizational unit to which claims for benefits under the plan customarily have been referred.

(3) In the case of a plan the benefits of which are provided or administered by an insurance company, insurance service, or other similar organization, which is subject to regulation under the insurance laws of one or more States, the person or organizational unit which handles claims for benefits under the plan or any officer of the insurance company, insurance service, or similar organization.

(4) For purposes of paragraphs (d) (1), (2), and (3) of this section, a communication shall be deemed to have been brought to the attention of an organizational unit if it is received by any person employed in such unit.

(e) Notification to claimant of decision. (1) If a claim is wholly or partially denied, notice of the decision, meeting the requirements of paragraph (f) of this section, shall be furnished to the claimant within a reasonable period of time after receipt of the claim by the plan.

(2) If notice of the denial of a claim is not furnished in accordance with paragraph (e)(1) of this section within a reasonable period of time, the claim shall be deemed denied and the claimant shall be permitted to proceed to the review stage described in paragraph (g) of this section.

(3) For purposes of paragraphs (e) (1) and (2), of this section, a period of time will be deemed to be unreasonable if it exceeds 90 days after receipt of the claim by the plan, unless special circumstances require an extension of time for processing the claim. If such an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 90-day period. In no event shall such extension exceed a period of 90 days from the end of such initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the final decision.

(f) Content of notice. A plan administrator or, if paragraph (c) of this section is applicable, the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

(g) Review procedure. (1) Every plan shall establish and maintain a procedure by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to an appropriate named fiduciary or to a person designated by such fiduciary, and under which a full and fair review of the claim and its denial may be

obtained. Every such procedure shall include but not be limited to provisions that a claimant or his duly authorized representative may:

(i) Request a review upon written application to the plan;

(ii) Review pertinent documents; and

(iii) Submit issues and comments in writing.

(2) To the extent that benefits under an employee benefit plan are provided or administered by an insurance company, insurance service, or other similar organization which is subject to regulation under the insurance laws of one or more States, the claims procedure pertaining to such benefits may provide for review of and decision upon denied claims by such company, service or organization. In such case, that company, service, or organization shall be the "appropriate named fiduciary" for purposes of this section. In all other cases, the "appropriate named fiduciary" for purposes of this section may be the plan administrator or any other person designated by the plan, provided that such plan administrator or other person is either named in the plan instrument or is identified pursuant to a procedure set forth in the plan as the person who reviews and makes decisions on claim denials.

(3) A plan may establish a limited period within which a claimant must file any request for review of a denied claim. Such time limits must be reasonable and related to the nature of the benefit which is the subject of the claim and to other attendant circumstances. In no event may such a period expire less than 60 days after receipt by the claimant of written notification of denial of a claim.

(h) Decision on review. (1) (i) A decision by an appropriate named fiduciary shall be made promptly, and shall not ordinarily be made later than 60 days after the plan's receipt of a request for review, unless special circumstances (such as the need to hold a hearing, if the plan procedure provides for a hearing) require an extension of time for processing, in which case a decision shall be rendered as soon as possible, but not later than 120 days after receipt of a request for review.

(ii) In the case of a plan with a committee or board of trustees designated as the appropriate named fiduciary, which holds regularly scheduled meetings at least quarterly, a decision on review shall be made by no later than the date of the meeting of the committee or board which immediately follows the plan's receipt of a request for review, unless the request for review is filed within 30 days preceding the date of such meeting. In such case, a decision may be made by no later than the date of the second meeting following the plan's receipt of the request for review. If special circumstances (such as the need to hold a hearing, if the plan procedure provides for a hearing) require a further extension of time for processing, a decision shall be rendered not later than the third meeting of the committee or board following the plan's receipt of the request for review.

(2) If such an extension of time for review is required because of special circumstances, written notice of the extension shall be furnished to the claimant prior to the commencement of the extension.

(3) The decision on review shall be in writing and shall include specific reasons for the decision, written in a manner calculated to be understood by the claimant, as well as specific references to the pertinent plan provisions on which the decision is based.

(4) The decision on review shall be furnished to the claimant within the appropriate time described in paragraph (h)(1) of this section. If the decision on review is not furnished within such time, the claim shall be deemed denied on review.

(i) Apprenticeship plans. This section does not apply to employee benefit plans which provide solely apprenticeship training benefits.

(j) Qualified Health Maintenance Organizations. Claims procedures with respect to any benefits provided through membership in a qualified health maintenance organization, as defined in section 1310(d) of the Public Health Service Act, as amended, 42 U.S.C. 300e-9(d), shall be deemed to satisfy the requirements of this section with respect to the provision of such benefits to persons who are members of such qualified health maintenance organization, provided those procedures meet the requirements of section 1301 of the Public Health Service Act, as amended 42 U.S.C. 300e and the regulations thereunder.

(Approved by the Office of Management and Budget under control number 1210-0053)

29 CFR 2560.503-1

SOURCE: [42 FR 27426, May 27, 1977, as amended at 46 FR 5884, Jan. 21, 1981; 49 FR 18295, Apr. 30, 1984]

AUTHORITY: Secs. 502, 505 of ERISA, 29 U.S.C. 1132, 1135, and Secretary's Order 1-87, 52 FR 13139 (April 21, 1987).

    Section 2560.502-1 also issued under sec. 502(b)(2), 29 U.S.C. 1132(b)(2).

    Section 2560.502i-1 also issued under sec. 502(i), 29 U.S.C. 1132(i).

    Section 2560.503-1 also issued under sec. 503, 29 U.S.C. 1133.

CROSS REFERENCES: Railroad Retirement Board: See Employees' Benefits, 20 CFR chapter II.

    Social Security Administration, Department of Health and Human Services: See Employees' Benefits, 20 CFR chapter III.

    Other regulations issued by the Department of Labor appear in 20 CFR chapters I, IV, V, VI, and VII; 41 CFR chapters 50, 60 and 61; and 48 CFR chapter 29. For "Standards for a Merit System of Personnel Administration": See 5 CFR part 900, subpart F.