ATTACHMENT A

**Review of Individual Claimants' Vocational Circumstances as Mandated by
<u>Demirovic v. Building Service 32B-J Pension Fund</u>, 467 F.3d 208 (2nd Cir., 2006)**

**1. ELIZABETH BOONE**

**Age at Termination**:   51   (Pl. LR 56 St. ¶¶ 55, 90)

**Education**:   9th grade & GED   (Pl. LR 56 St. ¶ 56)

**Years Absent from Workforce at Termination**:   11   (Pl. LR 56 St. ¶¶. 60, 90)

**Work History**:   '76 to '87 Champion employee as a cutter/sorter/checker of paper products (Pl. LR 56 St. ¶¶ 57, 58)

**TSA**:   Performed 9/3/98, after LTD terminated 4/30/98, by CORE's Cost Review Services dept. employee Jennifer Mikeska, who listed Ms. Boone's "transferrable skills" as "comparing, taking instructions - helping and handling" (Pl. LR 56 St. ¶ 102) - no concrete vocational skills were identified.

**Critical Vocational Circumstances Ignored**: IME had limited her to part-time work with specific restrictions to the left side of the body (Pl. LR 56 St. ¶ 79); TSA did not specify whether the proposed sedentary jobs existed on a part-time basis in the geographic area, or whether those jobs could accommodate her restrictions, which included restrictions in functional activities of walking, standing, lifting and stooping, bending, squatting and climbing (Pl. LR 56 St. ¶ 65). Contrast the cursory TSA done after the denial decision was made with the full vocational assessment report of licensed vocational evaluator Randy Adams, submitted by Ms. Boone during her appeal as part of her supplementary materials, which found her to be vocationally disabled from any employment (Pl. LR 56 St. ¶ 103(b))

_____

**2. ROSA LEE BROOKSHIRE**

**Age at Termination:**   60   (Pl. LR 56 St. Para. ¶¶ , 163)

**Education:**   10th grade   (Pl. LR 56 St. ¶ 106)

**Years Absent from Workforce at Termination:**   3+   (Pl. LR 56 St. ¶¶ 107, 114)

**Work History**: '79 to '95 Champion employee as a rewind operator (Pl. .LR 56 St. ¶ 108); "hard manual labor" (NB 4 -Brookshire CRC 1019)

**TSA:** performed 7/1/98, after LTD terminated 1/31/98 by CORE's Cost Review Services dept. employee Jennifer Mikeska As admitted by the defendants, the TSA had no discussion of the impact of Ms. Brookshire's physical problems on her ability to obtain and retain the 7 job titles identified in the abstract as being appropriate (Pl. LR 56 St. ¶ 172(f)

**Critical Vocational Circumstances Ignored**: age of 60; no discussion of Dr. Harley's "severe restrictions," (NB 4:CRC 989-990); even the IME stated that "the partial disability and current restrictions are for all practical purposes permanent," (Pl. LR 56 St. ¶¶ 158, 159); the Champion mill itself was "unable to accommodate modifications" (Pl. LR56 St. ¶ 159(e); Pl. App. 17) Contrast the cursory TSA done after the denial decision was made with the full vocational assessment report of Dr. Henry Wong, submitted by Ms. Brookshire during her appeal as part of her supplementary materials, which found her to be vocationally disabled from any employment (Pl. LR 56 St. ¶ 178(b))

_____

**3. HARRISON CLARK**

**Age at Termination:**   49   (Pl. LR 56 St. ¶¶ 44,227)

**Education:**   8th grade   (Pl. LR 56 St. ¶ 181)

**Years Absent from Workforce at Termination**:   7+   (Pl. LR 56 St. ¶¶ 183, 227)

**Work History**: '81 to '90 Champion employee as machine operator (Pl. LR 56 St. ¶¶ 183, 184)

**TSA:** Performed 9/3/98, after LTD terminated 3/31/98 by CORE's Cost Review Services dept. employee Jennifer Mikeska The TSA did not discuss the impact of Mr. Clark's limited 8th grade education on his employability. Nor, did Mikeska explain why she opined that Mr. Clark could return to work doing the job he had done when the Champion mill had previously indicated that it could not accommodate the restrictions imposed by the IME. (Pl. LR 56 St. ¶ 240 ); inadequacy of TSA's examination of Mr. Clark's individual vocational circumstances is apparent when compared to vocational assessments done by Stephen Carpenter (Pl. LR 56 St. ¶ 185) and Dr. Benson Hecker (Pl. LR 56 St. ¶ 254(b))

**Critical Vocational Circumstances Ignored:** Stmt. in IME: "Considering that Mr. Clark has been out of work for essentially 7 years, the probability of him being able to return to a productive job is quite low." (Pl. LR 56 St. ¶ 218); opinion by vocational consultant Carpenter that Clark's job at Champion was unskilled and he possessed no transferable skills as a result. (Pl. LR 56 St. ¶ 185)

_____

### 4. FRANZISKA FINNEY

**Age at Termination**:    52    (Pl. LR 56 St. ¶¶ 257, 280 )

**Education**:    11th grade (equivalency from Germany)    (Pl. LR 56 St. ¶ 258)

**Years Absent from Workforce at Termination**:    2+    (Pl. LR 56 St. ¶¶ 259, 280)

**Work History**:    '84 to '94 Champion employee on conveyor belt keeping bins full of wood chips and shoveling chip blockages by hand. (Pl. LR 56 St. ¶ 260)

**TSA**:    None found or cited in Defendants' LR 56 Stmt.

**Critical Vocational Circumstances Ignored**: Company doctor Osbahr smt. in FCE "if trained or possessed skills for white collar type jobs, she could do light work activities only." (Pl. LR 56 St. ¶ 275) with no evidence that she was trained or possessed "white collar type jobs"; family MD sent her to a vocational counselor or therapist, Tim Acker, who indicated that in light of her problems, it was his opinion that she was not competitively employable. (Pl. LR 56 St. ¶ 285); the full vocational assessment of vocational expert Dr. Hecker who concluded Ms. Finney was vocationally disabled from employment (Pl. LR 56 St. ¶ 287); fact that Champion mill sd. "Nothing sit down in area where EE was previously working. EE would not be qualified for any other sedentary position at the mill." (Pl. App. 26)

_____

### 5. WILEY H. HAYNES

**Age at Termination**:    59    (Pl. LR 56 St. ¶¶ 288, 321)

**Education**:    H.S., 1 yr. college    (Pl. LR 56 St. ¶ )

**Years Absent from Workforce at Termination**:    3+    (Pl. LR 56 St. ¶¶ 293, 321)

**Work History**:    '58 to '93 Champion employee as a machine tender which required heavy lifting, walking and standing (Pl. LR 56 St. ¶¶ 290, 291)

**TSA**:    None found or cited in Defendants' LR 56 Stmt.

**Critical Vocational Circumstances Ignored**: Defendants' own two Vocational Rehabilitation Profiles concluded that Mr. Haynes should not be considered for rehabilitation for work, based on his age, education, medical status, and the fact that Champion had no job he could perform, and that despite his demonstrated interest in returning to work, he was "too impaired." (Pl. LR 56 St. ¶ 307); Plaintiff's own letter detailing his functional losses; (Pl. LR 56 St. ¶ 329) and full vocational assessment by vocational expert Randy Adams, submitted by Mr. Haynes during his appeal as part of his supplementary materials, found him to be unemployable (Pl. LR 56 St. ¶ 332(b))

_____

### 6. DARRELL KEITH HILL

**Age at Termination**:    47    (Pl. LR 56 St. ¶¶ 333, 359)

**Education**:    high school    (Pl. LR 56 St. ¶ 334)

**Years Absent from Workforce at Termination**:    8    (Pl. LR 56 St. ¶¶ 335, 359)

**Work History**:    '72 to '90 Champion employee as a millwright  (Pl. LR 56 St. ¶¶ 335, 336)

**TSA**:    Performed 7/27/98 by CORE's Cost Review Services employee, which failed to consider the impact of the amputation of Mr. Hill's right leg below the knee and the restrictions and limitations imposed thereby on his ability, in fact, to find an appropriate job. Instead, it simply offered a vague opinion that he could do certain jobs without comparing them to his individual vocational circumstances. (Pl. LR 56 St. ¶ 354).  Contrast the cursory TSA with vocational evaluation by Dr. Wong who indicated the jobs which TSA indicates were appropriate were, in fact, not.   (Pl. LR 56 St. ¶ 365 (b); NB 30: Hill 18 )

**Critical Vocational Circumstances Ignored**: right leg amputated; out of work for 8 years and Champion mill could not employ.

---

### 7.  JUDITH CASE KIRKPATRICK

**Age at Termination**:    54                (Pl. LR 56 St. ¶¶ 367, 434)

**Education**:    12th grade            (Pl. LR 56 St. ¶ 368)

**Years Absent from Workforce at Termination**:    4+    (Pl. LR 56 St. ¶¶ 369, 434)

**Work History**:    '76 to '93 Champion employee  - "Laborer for 17 years" with "lack of transferrable skills." Pl. LR St.¶¶370, 371, 406)

**TSA**:    Performed 12/8/98, after LTD terminated 6/1/98, by CORE's Cost Review Services dept. employee Jennifer Mikeska, who speculated that Ms. Kirkpatrick could find work as train reservationist or ticket distributor since she'd unloaded wood chips from freight cars  (Pl. LR 56 St.  ¶ 432).  Contrast with individualized vocational evaluation by Dr. Benson Hecker which looked at the plaintiff's individual vocational circumstances in concrete rather than abstract terms. (Pl. LR 56 St.  ¶ 438(b)).

**Critical Vocational Circumstances Ignored**:  Age (54), long work as  Laborer & lack of transferrable skills & fact that unlikely that another employer could accommodate her restrictions when Champion could not despite 17 years experience there**.**  (Pl. LR 56 St. ¶ 406; Pl. App. 38)

---

### 8.  LOIS L. LYNN

**Age at Termination**:    61                (Pl. LR 56 St. ¶¶ 442, 481, 489 )

**Education**:    high school            (Pl. LR 56 St. ¶ 443)

**Years Absent from Workforce at Termination**:    6+    (Pl. LR 56 St. ¶¶  444, 481, 489)

**Work History**:   '77 to '91 Champion employee as a clerical employee/secretary  (Pl. LR 56 St. ¶¶ 444, 445)

**TSA**:    Performed  by CORE's Cost Review Services dept. employee Jennifer Mikeska, from her "database" and without the benefit of a personal interview with  Ms. Lynn  whose rare lung disease made consideration of her individual vocational circumstances especially necessary.  (Pl. LR 56 St.  ¶ ¶ 448, 465, 466 ) Contrast TSA with Dr. Henry Wong's vocational assessment. (Pl. LR 56 St.  ¶ 490)

**Critical Vocational Circumstances Ignored**:   Age of 61 and Champion's own Vocational Rehabilitation Profile that concluded she had "no potential for rehabilitation for work, based on her age, education and medical status." (Pl. LR 56 St.  ¶ ¶  442, 460, 481, 489)

---

### 9.  WILSON DANIEL McCLURE

**Age at Termination**:    51                (Pl. LR 56 St. ¶¶ 492, 513)

**Education**:    high school            (Pl. LR 56 St. ¶ 493)

**Years Absent from Workforce at Termination**:    7+    (Pl. LR 56 St. ¶¶ 496, 513)

**Work History**:    '66 to '89 Champion employee as a maintenance/work control analyst (Pl. LR 56 St. ¶¶ 494, 495)

**TSA**:   None found or cited in Defendants' LR 56 Stmt.  Contrast with full vocational assessment by Randy Adams. (Pl. LR 56 St. ¶ 525(b))

**Critical Vocational Circumstances Ignored**:   Opinion of treating reheumatologist, Dr. Rardin, who wrote: "Mr. McClure is not functional in a vocational capacity." (Pl. LR 56 St. ¶ 525(b));  relied on one time IME without any real consideration of individual vocational circumstances.  (Pl. LR 56 St. ¶ 512, 501);

_____

### 10.  CELIA DARLENE METCALF

**Age at Termination**:        52                                      (Pl. LR 56 St. ¶¶  526, 564)

**Education**:      high school                                    (Pl. LR 56 St. ¶ 527 )

**Years Absent from Workforce at Termination**:        2+      (Pl. LR 56 St.  ¶¶ 534, 535, 564)

**Work History**:   '79 to '97 Champion employee as a rewind assistant operator  (Pl. LR 56 St. ¶¶ 528, 529)

**TSA**:    Done 11/01/99 after Beavers recommended denial;  no personal interview & based solely on document review with no labor market survey or other analysis to indicate, as required by <u>Demirovic,</u> whether claimant "could in fact find such sedentary work."  (Pl. LR 56 St. ¶ 560)

**Critical Vocational Circumstances Ignored**:   Age (52), long history doing heavy work  & fact that unlikely that another employer could accommodate her restrictions when Champion could not despite 18 years experience there. (Pl. App. 58 )

_____

### 11.  CHARLES R. REECE

**Age at Termination**:        52                                      (Pl. LR 56 St. ¶¶ 579, 615)

**Education**:      high school                                    (Pl. LR 56 St. ¶ 580)

**Years Absent from Workforce at Termination**:        3+      (Pl. LR 56 St.  ¶¶ 581, 615)

**Work History**:   '69 to '95 Champion employee as a laborer and lubrication/oiler mechanic (Pl. LR 56 St. ¶¶ 581, 582)

**TSA**:    Performed 10/5/98, by CORE's Cost Review Services dept. employee Jennifer Mikeska,.  TSA based on an IME that contained an apparent contradiction which was never resolved.  (Pl. LR 56 St. ¶ 613; NB 19: Reece CRC-2413); contrast with Dr. Wong's vocational assessment.   (Pl. LR 56 St. ¶ 622(d), 623, 624)

**Critical Vocational Circumstances Ignored**:   TSA admission that "If the physician declares Mr. Reese with sedentary restrictions, there is a narrow chance of him returning to work."  (NB 19: Reece CRC-2413); Champion mill would not hire him back and no explanation as why another employer could be expected to hire him when longtime employer would not.  (Pl. App. 70)

_____

### 12.  HARRY L. SMITH

**Age at Termination**:        51                                      (Pl. LR 56 St. ¶¶ 627, 668)

**Education**:      high school                                    (Pl. LR 56 St. ¶ 628)

**Years Absent from Workforce at Termination**:        4+      (Pl. LR 56 St.  ¶¶. 631, 668)

**Work History**:   '69 to '93 Champion employee as a supervisor in the maintenance and recovery of boilers . (Pl. LR 56 St. ¶¶ 629, 630)

**TSA**:    Performed  12/5/98 by CORE's Cost Review dept. (Pl. LR 56 St. ¶667; Def. LR 56 Resp. ¶667) which did not give full and fair review to Mr. Smith's individual vocational circumstances as was done in the vocational evaluation by Randy Adams.  (Pl. LR 56 St. ¶ 649)

**Critical Vocational Circumstances Ignored**:   Age (51; said by defendants to be "irrelevant;" Pl. LR 56 St. ¶ 657); impact of pain from  four failed back surgeries including fusion on vocational function; fact that FCE was interrupted by Mr. Smith's disabling pain and had to be done over course of two days although it only lasted 4.75 hours (Pl. LR 56 St. ¶ 648); vocational impact of the many medications

required to merely sustain activities of daily living.  (Pl. LR 56 St. ¶ 638)

_____

### 13.  DOLPHUS LUTHER TREADWAY, JR.

**Age at Termination**:       54                              (Pl. LR 56 St. ¶¶ 670, 708)

**Education**:       8th grade                            (Pl. LR 56 St. ¶ 671)

**Years Absent from Workforce at Termination**:       3       (Pl. LR 56 St. ¶¶ 676, 708)

**Work History**:  '72 to '95 Champion employee as a heavy equipment operator and chip handler (Pl. LR 56 St. ¶¶ 672, 673)

**TSA**:   Performed 9/1/98, after IME of 6/29/98, by CORE's Cost Review Services dept. employee Jennifer Mikeska, who listed five occupations comparable to his former occupation at Champion, which was at a moderate work level rather than a light work level, but  IME had recommended sedentary work. (Pl. LR 56 St.  ¶ ¶ 706, 695 )

**Critical Vocational Circumstances Ignored**: FCE/stress test had to be suspended after 7 minutes due to chest pain/angina (Pl. LR 56 St. ¶ ¶ 699, 701).  Contrast the cursory TSA listing 5 occupations at moderate rather than light work level, with  the full vocational assessment report of Dr. Henry Wong submitted by Mr. Treadway during his appeal as part of his supplementary materials, which found him to be totally disabled from any employment (Pl. LR 56 St. ¶ 723(b)).  Ignored IME recommendation for psychotherapy (Pl. LR 56 St. ¶ 700); ignored fact that Champion would not hire him back despite 23+ years of employment.

_____

### 14.  MARTHA B. WHITLEY

**Age at Termination**:       38                              (Pl. LR 56 St. ¶¶ 725, 766)

**Education**:       high school                        (Pl. LR 56 St. ¶ 726)

**Years Absent from Workforce at Termination**:       10      (Pl. LR 56 St. ¶¶ 729, 766)

**Work History**:  '80 to '88 Champion employee as a stencil finisher (Pl. LR 56 St. ¶¶ 727, 728)

**TSA**:   Performed 12/8/98, after LTD terminated 1/31/98, by CORE's Cost Review Services who listed Ms. Whitley's "transferrable skills" as "comparing, taking instructions - helping, tending - no concrete vocational skills were identified. (Pl. LR 56 St.  ¶ 759) Contrast with evaluation by Dr. Wong.  (Pl. LR 56 St.  ¶ 784(b))

**Critical Vocational Circumstances Ignored**:   length of time out of work (10 years) and its impact on her ability to, in fact,  find work despite statement by IME MD Rudins that: "Considering that she had been out of work since 1988, however, the chance for her successfully returning to work is quite low."  (Pl. LR 56 St. ¶ 757); correct date of onset of Herpes.  (Pl. LR 56 St.  ¶ 782, 783).

_____

*Note:  the Second Circuit noted Ms. Demirovic's "facility with the English language is sufficiently limited that she required her son to act as a translator..." and indicated that was one of the realities that needed to be considered by the fiduciary in determining "whether Demirovic could, in fact, find such sedentary work." The fact that all of the plaintiffs resided in Haywood County, a rural mountainous county in western North Carolina, was likewise a vocational circumstance that should have been fully and fairly considered by the defendants but was, instead, ignored.  See, Demirovic v. Building Service 32B-J Pension Fund, 467 F.3d 208, 213, (2nd Cir.,2006); Pl. App. 5.

**Likewise, just as the Second Circuit noted Ms. Demirovic's limited "facility with the English language" was a vocational circumstance to be considered by the fiduciary in determining "whether Demirovic could, in fact, find such sedentary work," even so, the fact that Champion's local facility, the largest employer in the county where each of the  plaintiffs lived and had worked for years, could not accommodate any of the plaintiffs with their restrictions,  was also a vocational circumstance that should have been addressed as part of any full and fair consideration by the defendants of whether these individuals "could, in fact, find ...work."  Instead, this fact  was ignored. See, Demirovic v. Building Service 32B-J Pension Fund, 467 F.3d 208, 213,  (2nd Cir., 2006)

***Each plaintiff received a favorable determination by the Social Security Administration that he/she was totally disabled from any gainful employment, another factor affecting employability.  Pl. App. 5.